IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN CARLTON and MARGARET CARLTON, | ) ) ) | CIVIL ACTION NO. 2:22-cv-480 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| NORWIN SCHOOL DISTRICT, ROBERT WAYMAN and WESTMORELAND COUNTY REPUBLICAN COMMITTEE, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, BRIAN CARLTON and MARGARET CARLTON, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiffs' rights under the First Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Brian Carlton, is an adult male individual and a resident of Westmoreland County, Pennsylvania. Plaintiff Brian Carlton is the husband of Plaintiff Margaret Carlton.

6. Plaintiff, Margaret Carlton, is an adult female individual and a resident of Westmoreland County, Pennsylvania. Plaintiff Margaret Carlton is the wife of Plaintiff Brian Carlton.

7. Defendant, Norwin School District ("District"), is a Pennsylvania municipal corporation with administrative offices located at 281 McMahon Drive, North Huntingdon, Pennsylvania 15642. At all times relevant to this Complaint, Defendant District acted by and through its elected officials, including, but not limited to, Defendant Robert E. Wayman.

8. Defendant, Robert E. Wayman ("Wayman"), is an adult male individual and resident of Westmoreland County, Pennsylvania. At all times relevant to this Complaint, Defendant Wayman was, and is, a duly elected board member of Defendant District and a duly elected official of Defendant Westmoreland County Republican Committee.

9. Defendant, Westmoreland County Republican Committee ("WCRC"), is a public entity and political committee with elected officials in Westmoreland County, Pennsylvania.

10. Defendant WCRC has several subdivisions within Westmoreland County. One such subdivision is Westmoreland County Republican Committee District 3 ("WCRC District 3"), which represents North Huntingdon, Irwin and North Irwin.

11. At all times relevant hereto, Defendant WCRC was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns within the full scope of their respective agency, office, employment or assignment, including, but not limited to, Defendant Wayman.

FACTS

12. In or about August of 2020, residents in Defendant District's community began to criticize Defendant Wayman for his inappropriate and offensive public statements that were made on his personal social media account.

13. These statements included, but were not limited to, "Gold Star of David coming to the mask wearers sooner than they realize," "Democrats have done more to damage our homeland than the Imperial Japanese and the German Democrats combined. Just say no," "[President Trump] needs 8 more years… If need be we can have an armed combat to make sure it happens" and statements referring to Health Department Secretary Rachel Levine, a transgender woman, as "it."

14. Defendant Wayman was a duly elected member of Defendant District's school board at the time that he made the aforementioned inappropriate and offensive statements.

15. At that time, Plaintiff Brian Carlton was the duly elected school board president of Defendant District. In his capacity as Defendant District's school board president, Plaintiff Brian Carlton issued various public statements condemning the aforementioned inappropriate and offensive statements by Defendant Wayman.

16. Plaintiff Brian Carlton also called for Defendant Wayman to resign from Defendant District's school board.

17. On or about September 21, 2020, during a virtual school board meeting, Defendant District's school board members discussed what actions, if any, should be taken against Defendant Wayman for his aforementioned inappropriate, threatening and offensive statements.

18. At that meeting, Defendant Wayman stated that he would seek recourse against any individual that voted to take any action against him.

19. At that meeting, Plaintiff Brian Carlton voted in favor of motions to call for Defendant Wayman's resignation from the board, to censure Defendant Wayman and to remove Defendant Wayman from his position as Pennsylvania School Board Association ("PSBA") liaison.

20. However, none of those motions passed.

21. Defendant Wayman is a duly elected member of Defendant WCRC's District 3 and serves as treasurer on its executive board.

22. In or about April of 2021, Plaintiff Brian Carlton attended and spoke at a meeting of Defendant WCRC's District 3 for the express purpose of seeking an endorsement for re-election in the 2021 election.

23. At that meeting, Plaintiff Brian Carlton did not act in any inappropriate, harassing or unlawful manner.

24. Sometime thereafter, Defendant Wayman, in his capacity as a duly elected official of Defendant WCRC, discussed taking action against Plaintiff Brian Carlton with other members of Defendant WCRC including, but not limited to, Defendant WCRC's Chairman Steve Cleaveland ("Cleaveland").

25. In a letter dated April 22, 2021, which was served by constable, Plaintiff Brian Carlton was notified by an attorney representing Defendant WCRC that he was prohibited from contacting Defendant WCRC or its chairman, Mr. Cleaveland, and prohibited from attending Defendant WCRC's District 3 meetings.

26. That same letter threatened that Plaintiff Brian Carlton would be charged with criminal harassment should he contact Defendant WCRC or its chairman or attend a WCRC District 3 meeting.

27.     Plaintiff Brian Carlton believes, and therefore avers, that Defendant Wayman initiated the aforementioned letter in order to harass, defame and/or inflict emotional distress upon the Plaintiff.

28.     Plaintiff Brian Carlton believes, and therefore avers, that Defendant Wayman initiated that letter in retaliation for his political opposition to Defendant Wayman.

29.     In or about November of 2021, Plaintiff Brian Carlton was not re-elected to Defendant District's school board.

30.     Plaintiff Margaret Carlton was, and is, at all times relevant to this Complaint, a teacher employed by Defendant District.

31.     On or about January 17, 2022, Plaintiff Margaret Carlton attended Defendant District's school board meeting.

32.     Thereafter, another individual, Michelle Mendenhall ("Mendenhall"), sent an e-mail to Defendant District's school board members alleging that, while at that school board meeting, "a projectile was launched" at her from the table that Plaintiff Margaret Carlton was sitting.

33.     No evidence supporting Ms. Mendenhall's allegation exists.

34.     In his capacity as Defendant District's school board member, Defendant Wayman responded that he "would do everything in his power to identify the culprit and make sure they are prosecuted to the full extent of the law."

35.     Plaintiff Margaret Carlton believes, and therefore avers, that Defendant Wayman made that statement because the alleged object originated from the table that Plaintiff Margaret Carlton was sitting.

36. Plaintiff Margaret Carlton believes, and therefore avers, the Defendant Wayman intended to identify her as the "culprit" to defame and/or prosecute her in retaliation for her familial association with Plaintiff Brian Carlton.

37. Plaintiff Margaret Carlton believes, and therefore avers, the Defendant Wayman intended to identify her as the "culprit" to interfere with her employment and business relationship with Defendant District.

38. After an investigation, no evidence was uncovered of the projectile that was purportedly launched at Ms. Mendenhall.

39. The above-described conduct of the Defendant Wayman unjustifiably harmed Plaintiff Margaret Carlton's reputation, interfered with her employment, caused her emotional distress and deprived her of her constitutional rights.

40. Furthermore, Defendant Wayman's above-described conduct, has negatively affected Plaintiff Margaret Carlton's reputation, placed her in a false light to members of her community and otherwise defamed her character.

41. As a direct and proximate result of the ongoing outrageous conduct of Defendant Wayman, as more fully described hereinbefore above, Plaintiff Margaret Carlton has suffered, and continues to suffer, from extreme emotional distress and physical manifestations of that distress, including, but not limited to, headaches, sleeplessness and stomach pain.

42. Plaintiff Brian Carlton is and was, at all times relevant to this Complaint, a special education teacher employed by Penn Trafford School District.

43. On or about February 7, 2022, "Concerned Citizens of Penn Trafford School District" sent a letter to Penn Trafford School District which made false allegations against Plaintiff Brian Carlton including, but not limited to, allegations that he "spreads lies and slander[s] people

because he is upset that he was unseated from the Norwin School Board" and engaged in "unprofessional and possibly illegal behavior."

44. That letter also alleged that members of the WCRC District 3 Committee were "afraid to attend meetings" because of "violence and threats made by Brian."

45. Plaintiff Brian Carlton made no such threats, nor has he engaged in violence of any kind.

46. These statements were, and are, patently false, defamatory to Plaintiff Brian Carlton's character, and placed him in a false light to members of his community.

47. That letter also threatened to report Plaintiff Brian Carlton to the Department of Education "and or the proper legal authorities."

48. Plaintiff Brian Carlton believes, and therefore avers, that Defendant Wayman sent that letter, in his capacity as a duly elected school board member and/or in his capacity as a duly elected member of Defendant WCRC, in retaliation for Plaintiff Brian Carlton's political opposition to Defendant Wayman.

49. Defendant Wayman has told individuals in the community that he would attempt to have Plaintiff Brian Carlton removed from his position as a teacher in retaliation for his political opposition to Defendant Wayman.

50. Defendant Wayman knew, or should have known, that the statements contained in his letter were patently false and defamatory, and placed Plaintiff Brian Carlton in a false light to members of his community.

51. Plaintiff Brian Carlton believes, and therefore avers, that Defendant Wayman made the statements in that letter with the intent to harm Plaintiff Brian Carlton's reputation, defame the Plaintiff's character, negatively affect the Plaintiff's career and cause emotional distress.

52. Plaintiff believes, and therefore avers, that Defendant Wayman made the statements in that letter with the intent to interfere with Plaintiff Brian Carlton's employment at Penn Trafford School District.

53. The above-described conduct of the Defendant Wayman unjustifiably harmed Plaintiff Brian Carlton's reputation, interfered with his employment, caused the Plaintiff emotional distress and deprived him of his constitutional rights.

54. Furthermore, Defendant Wayman's above-described conduct, has negatively affected Plaintiff Brian Carlton's reputation, placed him in a false light to members of him community and otherwise defamed his character.

55. As a direct and proximate result of the ongoing outrageous conduct of Defendant Wayman, as more fully described hereinbefore above, Plaintiff Brian Carlton has suffered, and continues to suffer, from extreme emotional distress and physical manifestations of that distress, including, but not limited to, sleeplessness and stomach pain.

## COUNT I:

### PLAINTIFF BRIAN CARLTON v. DEFENDANTS WCRC and WAYMAN

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

<u>RETALIATION</u>

56. Plaintiffs incorporate by reference Paragraphs 1 through 55 as though fully set forth at length herein.

57. Plaintiff Brian Carlton claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

58. At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff Brian Carlton had the right to be free from retaliation based on political opposition.

59. As more fully described hereinbefore above, Plaintiff Brian Carlton believes, and therefore avers, that Defendant Wayman, in his capacity as a duly elected official of Defendant WCRC, initiated the letter dated April 22, 2021, which barred him from attending Defendant WCRC's District 3 meetings and threatened criminal prosecution.

60. Defendant Wayman acted in his capacity as a duly elected official of Defendant WCRC.

61. The actions of Defendant Wayman were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff Brian Carlton, thereby subjecting Defendant Wayman to punitive damages.

62. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff Brian Carlton suffered, and continues to suffer, from the following injuries and damages:

   a. Plaintiff's rights under the First Amendment to the United States Constitution to be free from retaliation based on political opposition were violated;

   b. Plaintiff suffered irreparable damage to his reputation;

   c. Plaintiff suffered extreme emotional distress; and

   d. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Brian Carlton demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wayman;

and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF BRIAN CARLTON v. DEFENDANTS WCRC, DISTRICT and WAYMAN

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION

63. Plaintiffs incorporate by reference Paragraphs 1 through 62 as though fully set forth at length herein.

64. Plaintiff Brian Carlton claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

65. At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff had the right to be free from retaliation based on political opposition.

66. As more fully described hereinbefore above, Plaintiff Brian Carlton believes, and therefore avers, that Defendant Wayman sent a letter containing false and defamatory statements, as more fully described at Paragraph 43, to Penn Trafford School District, in his capacity as a duly elected school board member of Defendant District and/or a duly elected official of Defendant WCRC, in retaliation for Plaintiff Brian Carlton's political opposition to him.

67. The actions of Defendant Wayman were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff, thereby subjecting Defendant Wayman to punitive damages.

68. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff Brian Carlton suffered, and continues to suffer, from the following injuries and damages:

   a. Plaintiff's right under the First Amendment to the United States Constitution to be free from retaliation based on political opposition were violated;

   b. Plaintiff suffered irreparable damage to his reputation;

   c. Plaintiff suffered extreme emotional distress; and

   d. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Brian Carlton demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wayman; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF MARGARET CARLTON v. DEFENDANTS DISTRICT and WAYMAN

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

RETALIATION

69. Plaintiffs incorporate by reference Paragraphs 1 through 68 as though fully set forth at length herein.

70.     Plaintiff Margaret Carlton claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants for violations of Plaintiff's constitutional rights under color of law.

71.     At all times relevant hereto, pursuant to the First Amendment to the United States Constitution, Plaintiff had the right to be free from retaliation based on her familial association.

72.     As more fully described hereinbefore above, Plaintiff Margaret Carlton believes, and therefore avers, the Defendant Wayman intended to identify her as the "culprit" that allegedly launched a projectile at Ms. Mendenhall to defame, interfere with her employment and/or prosecute her in retaliation for her familial association with Plaintiff Brian Carlton.

73.     The actions of Defendant Wayman, in his capacity as a duly elected school board member of Defendant District, deprived Plaintiff Margaret Carlton of rights guaranteed to her by the First Amendment to the United States Constitution.

74.     The actions of Defendant Wayman were willful, wanton and/or done with a reckless disregard for the rights of Plaintiff Margaret Carlton, thereby subjecting the Defendant Wayman to punitive damages.

75.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Wayman, Plaintiff Margaret Carlton suffered, and continues to suffer, from the following injuries and damages:

    a.    Plaintiff's right under the First Amendment to the United States Constitution to be free from retaliation based on familial association was violated;

    b.    Plaintiff suffered irreparable damage to her reputation;

    c.    Plaintiff suffered extreme emotional distress; and

    d.    Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Margaret Carlton demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wayman; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF MARGARET CARLTON v. DEFENDANTS WCRC, DISTRICT and WAYMAN

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
PENNSYLVANIA COMMON LAW

LIBEL

76. Plaintiffs incorporate by reference Paragraphs 1 through 75 as though fully set forth at length herein.

77. As more fully described hereinbefore above, Plaintiff Margaret Carlton believes, and therefore avers, the Defendant Wayman intended to identify her as the "culprit" that allegedly launched a projectile at Ms. Mendenhall to defame, interfere with her employment and/or prosecute her.

78. Defendant Wayman made the aforementioned statements in his capacity as a duly elected board member of Defendant District.

79. The false and defamatory statements and claims by Defendant Wayman negatively affected Plaintiff Margaret Carlton's reputation and career, placed her in a false light to members of her community and caused her extreme emotional distress.

80.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff Margaret Carlton suffered, and continues to suffer, from the following injuries and damages:

    a.    Plaintiff's rights under Pennsylvania Common Law were violated;

    b.    Plaintiff suffered irreparable damage to her reputation;

    c.    Plaintiff suffered extreme emotional distress; and

    d.    Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Margaret Carlton demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wayman; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF MARGARET CARLTON v. DEFENDANT WAYMAN

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
PENNSYLVANIA COMMON LAW

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81.     Plaintiffs incorporate by reference Paragraphs 1 through 80 as though fully set forth at length herein.

82.     As more fully described hereinbefore above, Defendant Wayman acted in an intentional and outrageous manner to inflict emotional distress upon and harass Plaintiff Margaret Carlton.

14

83. Defendant Wayman knew, or should have known, through the use of ordinary caution, that this conduct would result in emotional distress of Plaintiff Margaret Carlton.

84. The emotional distress of Plaintiff Margaret Carlton, which resulted from Defendant Wayman's conduct, was foreseeable and certain.

85. Plaintiff Margaret Carlton experienced physical manifestations of emotional distress as a result of Defendant Wayman's conduct, including, but not limited to, headaches, sleeplessness and stomach pain.

86. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Wayman, Plaintiff Margaret Carlton suffered, and continues to suffer, from the following injuries and damages:

   a. Plaintiff's rights under Pennsylvania Common Law were violated;

   b. Plaintiff suffered irreparable damage to her reputation;

   c. Plaintiff suffered extreme emotional distress; and

   d. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Margaret Carlton demands compensatory general damages against Defendant Wayman, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wayman; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

## COUNT VI:

## PLAINTIFF BRIAN CARLTON v. DEFENDANTS WCRC, DISTRICT and WAYMAN

### VIOLATION OF PLAINTIFF'S RIGHTS UNDER PENNSYLVANIA COMMON LAW

### <u>LIBEL PER SE</u>

87. Plaintiffs incorporate by reference Paragraphs 1 through 86 as though fully set forth at length herein.

88. As more fully described hereinbefore above, the Defendant Wayman intentionally made false and defamatory statements about Plaintiff Brian Carlton in his capacity as a duly elected member of Defendant District's school board and/or as a duly elected official of Defendant WCRC.

89. As more fully described hereinbefore above, Plaintiff Brian Carlton believes, and therefore avers, that Defendant Wayman sent a letter containing false and defamatory statements, as more fully described at Paragraph 43, to Penn Trafford School District, in his capacity as a duly elected school board member of Defendant District and/or a duly elect official of Defendant WCRC, in retaliation for Plaintiff Brian Carlton's political opposition to him.

90. The false and defamatory statements made by Defendant Wayman could impose criminal liability on Plaintiff Brian Carlton.

91. The false and defamatory statements and claims by Defendant Wayman negatively affected Plaintiff Brian Carlton's reputation and career, placed him in a false light to members of his community and caused him extreme emotional distress.

92.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendants, Plaintiff Brian Carlton suffered, and continues to suffer, from the following injuries and damages:

   a.     Plaintiff's rights under Pennsylvania Common Law were violated;

   b.     Plaintiff suffered irreparable damage to his reputation;

   c.     Plaintiff suffered extreme emotional distress; and

   d.     Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Brian Carlton demands compensatory general damages against the Defendants, and each of them, jointly and severally, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wayman; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VII:

PLAINTIFF BRIAN CARLTON v. DEFENDANT WAYMAN

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
PENNSYLVANIA COMMON LAW

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     Plaintiffs incorporate by reference Paragraphs 1 through 92 as though fully set forth at length herein.

94.     As more fully described hereinbefore above, Defendant Wayman acted in an intentional and outrageous manner to inflict emotional distress upon and harass Plaintiff Brian Carlton.

95. Defendant Wayman knew, or should have known, through the use of ordinary caution, that this conduct would result in emotional distress of Plaintiff Brian Carlton.

96. The emotional distress of Plaintiff Brian Carlton, which resulted from Defendant Wayman's conduct, was foreseeable and certain.

97. Plaintiff Brian Carlton experienced physical manifestations of emotional distress as a result of Defendant Wayman's conduct, including, but not limited to, sleeplessness and stomach pain.

98. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Wayman, Plaintiff Brian Carlton suffered, and continues to suffer, from the following injuries and damages:

    a. Plaintiff's rights under Pennsylvania Common Law were violated;

    b. Plaintiff suffered irreparable damage to his reputation;

    c. Plaintiff suffered extreme emotional distress; and

    d. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff Brian Carlton demands compensatory general damages against Defendant Wayman, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Wayman; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                          JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        <u>s/ Joel S. Sansone</u>
        Joel S. Sansone, Esquire
        PA ID No. 41008
        Massimo A. Terzigni, Esquire
        PA ID No. 317165
        Elizabeth A. Tuttle, Esquire
        PA ID No. 322888
        *Counsel for Plaintiff*

        Two Gateway Center, Suite 1290
        603 Stanwix Street
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: March 21, 2022